# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs July 08, 2015


## JEFFERY G. DOUGLAS v. JACKSON POLICE DEPARTMENT

**Appeal from the Circuit Court for Madison County**
**No. C1475     Nathan B. Pride, Judge**

_____

**No. W2014-02076-COA-R3-CV – Filed July 20, 2015**
_____


Plaintiff/Appellant appeals the trial court's order dismissing his claim under the Equal Protection Clause. Appeal dismissed for failure to comply with Rule 27 of the Rules of Appellate Procedure.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

Jeffery G. Douglas, *Pro Se*, Tiptonville, Tennessee.

Matthew R. Courtner, Jackson, Tennessee, for the appellee, Jackson Police Department.


### MEMORANDUM OPINION[1]

This appeal arises from a complaint styled "Equal Protection Clause Violation Action" filed *pro se* by Jeffery G. Douglas ("Mr. Douglas") against the Jackson Police

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Department ("the JPD") in the Circuit Court of Madison County on April 7, 2014. The background facts relevant to our disposition of this appeal are not disputed.

Mr. Douglas was convicted by a jury of rape and sexual battery of a thirteen-year-old girl, F.S.[2] The Tennessee Court of Criminal Appeals affirmed the conviction in March 2011. *State v. Douglas*, No. W2010–00986–CCA–R3–CD, 2011 WL 915052 (Tenn. Crim. App. Mar. 16, 2011). In May 2011, the Tennessee Supreme Court denied Mr. Douglas's application for permission to appeal. On April 9, 2013, the court of criminal appeals affirmed denial of Mr. Douglas's petition for post-conviction relief. *Douglas v. State*, No. W2012-00012-CCA-R3-PC, 2013 WL 1557363 (Tenn. Crim. App. Apr. 9, 2013). The Supreme Court denied Mr. Douglas's application for permission to appeal on September 10, 2013, and Mr. Douglas currently is an inmate of the Tennessee Department of Corrections.

On October 19, 2013, Mr. Douglas filed an affidavit of complaint for an arrest warrant against F.S., J. P., ("Ms. P.," F.S.'s mother), R. T. ("Mr. T.," Ms. P.'s boyfriend) and Gregory D. Gookin ("Mr. Gookin"), the assistant public defender who represented Mr. Douglas in the criminal matter. In his affidavit, Mr. Douglas accused F.S., Ms. P., and Mr. T. of extortion. Mr. Douglas asserted that, in April 2009, Mr. T. confronted him; alleged that Mr. Douglas had raped F.S.; and "made remarks that lead Douglas to believe (after being explained to) that he was being extorted in accordance to that of T.C.A. § 39-14-112 ¶ 3, Affirmative Defense." Mr. Douglas also asserted that Mr. Gookin was guilty of obstruction of justice for failure to report F.S., Ms. P., and Mr. T. to the trial court after Mr. Douglas informed him of the alleged extortion attempt.

By correspondence dated October 24, 2013, Captain Tyreece Miller ("Captain Miller") of the JPD's Criminal Investigation Division informed Mr. Douglas that he would "treat th[e] complaint as [he] would any other complaint/police report." Captain Miller stated that the complaint would be assigned to an investigator, that the results of the investigation would be forwarded to the District Attorney's Office for review, and that Mr. Douglas would receive future correspondence.

On October 31, 2013, Mr. Douglas filed a second affidavit of complaint for an arrest warrant. In his second affidavit, Mr. Douglas named F.S., Ms. P., Mr. T. and Danielle Jones ("Ms. Jones"), a JPD investigator. He asserted allegations of subornation of perjury, aggravated perjury, and perjury under Tennessee Code Annotated §§ 39-16-701, 39-16-702, 39-16-703, and 39-16-705.[3]

---

[2] It is the practice of this Court to use the initials of minor children, their parents and others so as to protect their privacy.

[3] In April 2011, Mr. Douglas also filed a "criminal complaint" against F.S., Ms. P. , and Mr. T. In his April 2011 pleading, Mr. Douglas asserted allegations of extortion, accusation of a crime, and injury to property. He also asserted that he had "filed a Civil Action requesting Punitive, Exemplary,

2

Mr. Douglas filed his April 2014 complaint after allegedly receiving no reply to his October 31 affidavit. In his complaint, as we construe it, Mr. Douglas asserted that the JPD's failure to respond to his October 31 affidavit of complaint for an arrest warrant violated his equal protection rights. He sought damages in the amount of two-hundred-million dollars. Mr. Douglas stated in his complaint that he previously had filed an additional action that was pending before the trial court. He did not elaborate on the nature of his pending action.

The JPD filed a motion to dismiss in June 2014. In its motion, the JPD asserted dismissal of Mr. Douglas's action was warranted for the following reasons:

• The doctrine of prior suit pending bars this action, as another suit is pending in Madison County Circuit Court (Docket No. C-12-278);

• Jackson Police Department is not a legal entity subject to suit;

• Douglas failed to state a claim for any of his theories of recovery because he failed to allege sufficient factual matter to state a claim;

• Tennessee does not recognize a cause of action for damages under its Constitution;

• The Governmental Tort Liability Act immunizes municipalities from abuse of process claims;

• Tennessee does not recognize the tort of extortion; and

• Tennessee Code Annotated § 39-16-402 does not create a private cause of action for official-misconduct.

The JPD attached to its motion a complaint and amended complaint filed by Mr. Douglas in November 2012.

In his November 2012 amended complaint, docketed as C-12-278, Mr. Douglas named as defendants: "the State of Tennessee, et al[;] Donald H. Allen, Judge[;] Jane Doe, Jur[ors] 1 -13[;] John Doe, Jur[ors] 1 -13[;] Shaun A. Brown, Assistant District Attorney, Trial Prosecutor[;] Gregory D. Gookin, Public Defender[;] Daniel Jones, Jackson Police Department, Investigator[;] Lisa Pierce[y], Doctor, Witness For Victim[;] J. P., Mother of Victim[;] [F.S.;] R., Witness for Victim[;] and James G. Woodall, District Attorney General." He asserted claims of malicious prosecution, extortion,

---

Compensatory and Nominal Dagames (sic)." Mr. Douglas filed a second "criminal complaint" in May 2011 that incorporated his April complaint and asserted allegations of coercion and deception.

intimidation, coercion, conspiracy, and abuse of process. Mr. Douglas sought damages of two-million dollars arising from emotional and psychological injuries; loss of society and property; and physical harm.

The JPD also attached to its motion to dismiss the trial court's April 9, 2014, order granting summary judgment to all defendants in Mr. Douglas's 2012 action. In its order, the trial court stated that dismissal of Mr. Douglas's complaint applied to all claims asserted against any and all defendants, named or unnamed. Mr. Douglas filed a notice of appeal of that order on April 28, 2014.

On June 17, Mr. Douglas filed a motion for an extension of time in which to respond to the JPD's motion to dismiss, and the trial court granted his motion on June 20, 2014. Mr. Douglas responded to the JPD's motion to dismiss on July 16, 2014. In his response, Mr. Douglas essentially asserted, in relevant part, that his April 2014 action differed from his November 2012 action where 1) the JPD was not a defendant to the 2012 action and 2) he did not assert a claim for violation of his equal protection rights in the 2012 action.

On July 29, the JPD gave notice that its motion to dismiss would be heard by the trial court on August 18, 2014. On August 4, Mr. Douglas filed a motion for transportation from the Northwest Correctional Complex for the hearing. The trial court denied Mr. Douglas's motion on August 5. On August 15, Mr. Douglas filed a pleading asserting that the trial court's order was post-marked August 11 and "came to [him]" on August 13. He alleged that the trial court "deliberately delayed the mailing of the order[.]" He attached various documents relating to his criminal case and his 2012 action to his pleading. On August 18, Mr. Douglas filed a pleading styled: "Northwest Correctional Complex's Deliberate Denial Of Access To Court By Refusing To Communicate Notice Of Courts Deliberate Denial Of Access To Court Notice Of Courts Deliberate Indifference Standards Procedures[.]"

The matter was heard by the trial court on August 18, 2014, and the trial court granted the JPD's motion to dismiss by order entered August 20, 2014. The trial court construed Mr. Douglas's August 18 pleading as a motion to reset the matter and denied the motion in its August 20 order. The trial court determined that, liberally construing Mr. Douglas's pleadings and "giving effect to the substance of his allegations," Mr. Douglas had asserted five causes of action, including: "(1) Equal Protection Clause; (2) Abuse of Process; (3) Damages for violation of Tennessee's Constitution; (4) Extortion; and (5) Official-Misconduct." The trial court found, in relevant part, that Mr. Douglas failed to allege sufficient facts to state a claim for relief on any of the five causes of action. It also found that the lawsuit was barred by the doctrine of prior suit pending where it and Mr. Douglas's 2012 action arose out of the same occurrence – Mr. Douglas's criminal conviction – and where four of the five causes of action pled by Mr. Douglas were pled in the 2012 action. The trial court additionally stated that the JPD was

4

a party to Mr. Douglas's 2012 action and that, accordingly, "the [f]ormer [s]uit and the present case involved the same parties." Mr. Douglas filed a timely notice of appeal on August 29, 2014.

## Discussion

Mr. Douglas filed two pleadings on appeal to this Court. Those pleadings are styled: 1) "Appellant's Additional Pleading to Original Brief" and 2) "Further Pleadings to Appellee's Filed Brief." By order entered April 30, 2015, we ordered the pleadings to be filed, collectively, as Mr. Douglas's "brief." The pleadings do not comply with Rule 27[4] of the Rules of Appellate Procedure and, significantly, they do not contain a Statement of the Issues as required by the Rule.

---

[4] Rule 27 of the Tennessee Rules of Appellate Procedure provides:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

As the JPD asserts in its brief, an issue not properly raised as an issue for review in the required Statement of the Issues section of the appellant's brief may be considered waived. *Champion v. CLD of Dyersburg, LLC*, 359 S.W.3d 161, 163 (Tenn. Ct. App. 2011). Additionally, we observe that Mr. Douglas filed the identical two pleadings ("briefs") on appeal of the trial court's April 9, 2014, order.[5] Accordingly, we reiterate our holding in *Douglas v. State of Tennessee*, No. W2014-00831-COA-R3-CV, slip op. at 6-7 (Tenn. Ct. App. July 14, 2015), and dismiss the instant appeal for failure to comply, in any manner, with Rule 27 of the Tennessee Rules of Appellate Procedure.

## Conclusion

In light of the foregoing, this appeal is dismissed. Costs of this appeal are taxed to the Appellant, Jeffery G. Douglas. Because Mr. Douglas is proceeding *in forma pauperis* in this appeal, execution may issue for costs, if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

---

[5] We further note that Mr. Douglas has a third appeal pending in this court arising out of the same set of operative facts, *Douglas v. F.C.S., et. al.*, W2014-02075-COA-R3-CV, which also contains the identical two pleadings ("briefs") discussed above.